

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2007

# Hrinakova v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2795

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hrinakova v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-176**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2795
_____

ADRIANA HRINAKOVA,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A72 378 263)
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2007

Before:   BARRY, AMBRO and FISHER, Circuit Judges

(Filed   April 23, 2007 )

_____

OPINION
_____

PER CURIAM

Adriana Hrinakova, a native of what was then Czechoslovakia and now a citizen of

Slovakia, entered the United States on July 5, 1993. In 1994, she applied for asylum. On February 12, 2002, Hrinakova was charged as removable for overstaying her admission period. Hrinakova conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture. Hrinakova argued that she had been persecuted in Czechoslovakia because her father would not join the Communist Party. When her counsel was sick the day of her hearing, the IJ denied a continuance and Hrinakova proceeded without counsel. The IJ denied relief and ordered Hrinakova removed to Slovakia. The BIA remanded the case to be heard by a new IJ. After another hearing, the new IJ also denied relief and ordered Hrinakova removed to Slovakia. The BIA affirmed without an opinion. Through counsel, Hrinakova filed a timely petition for review. After Hrinakova filed her opening brief, the government filed a motion for summary affirmance.[1] Hrinakova has filed a response.

We have jurisdiction under 8 U.S.C. § 1252. Where the BIA affirms the IJ's decision without opinion, we review the decision of the IJ as if it were the decision of the BIA. Ghebrehiwot v. Attorney General, 467 F.3d 344, 350 (3d Cir. 2006). We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003)(en banc). The Board's findings should be affirmed unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

---

[1] We will construe this motion as requesting that we summarily deny the petition for review.

At her hearing in January 2005, Hrinakova testified that she had been chased by two men on three occasions. In 1986, when she was twelve, they chased her, and she tripped and broke her nose. In 1988, these same men grabbed her and tried to force her into a car but she managed to escape. Hrinakova stated that they screamed at her and asked about her father. In 1991, the two men chased Hrinakova as she returned home from school. They pushed her to the ground and seriously injured her knee. When her parents came to her aid, the men left. She also stated that the family received harassing phone calls over the years. She asserted that this harassment occurred because her father refused to join the Communist Party.

The IJ noted that Hrinakova had not submitted any corroborating affidavits from her parents or siblings even though she was in contact with them on a regular basis. The IJ found that even assuming Hrinakova was credible, she had not established past persecution. He also pointed to a January 2005 Background Note which described the downfall of the Communist regime in Czechoslovakia in 1989 and the subsequent development of democracy in Slovakia. The IJ found that the evidence established substantially changed country conditions.

In her brief, Hrinakova raises the issues of (1) whether she was denied a fair hearing; (2) whether the adverse credibility finding was supported by the record; (3) whether the IJ's finding that she was not eligible for asylum was correct as a matter of law; (4) whether the IJ's finding that she failed to meet her burden of proof is substantially supported by the record; and (5) whether her rights to due process were

3

violated when the IJ denied her the opportunity to pursue "repapering."

The government argues in its motion for summary action that Hrinakova failed to address the IJ's dispositive finding of changed country conditions in her opening brief to this Court or before the BIA. The government is correct that even if the IJ had found Hrinakova credible and that she had established past persecution,[2] the resulting presumption of a well-founded fear of persecution is rebutted by the IJ's finding of changed country conditions. 8 C.F.R. § 208.13(b)(1)(i). In her summary of argument section, Hrinakova states that "the IJ's holding that country conditions have changed is not supported by the record." Brief at 10.[3] However, she does not challenge this finding in any way.[4] The IJ's finding is supported by the January 2005 Department of State Background Note on Slovakia. C.A.R. at 261. Hrinakova has not pointed to any evidence which would compel a finding to the contrary.

Hrinakova argues that she was denied a fair hearing. This argument was not raised before the BIA. Furthermore, it is without merit. Hrinakova argues that the IJ conducted

---

[2] Hrinakova contends that the adverse credibility finding is not supported by the record and the IJ erred in finding that corroboration from her parents was needed. However, the IJ found that even assuming Hrinakova was credible, she was not entitled to relief. Thus, we need not reach the issue of whether the IJ's adverse credibility finding was supported by the record or whether the IJ erred in expecting corroboration for her claims.

[3] If a party fails to raise an issue in her opening brief, the issue is waived. A passing reference is not sufficient to raise an issue. Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

[4] While Hrinakova cites to the Background Note about current country conditions, this citation is in support of her argument of potential racism in Slovakia towards her husband, not persecution of her on account of political opinion.

all the questioning during her hearing. However, she does not describe any testimony she was unable to give. After questioning Hrinakova about her allegations, the IJ asked her attorney "[a]nything I missed when I was asking her questions?" The attorney answered, "very little." Her attorney then asked why Hrinakova was afraid to go back to her country. C.A.R. at 121. After the IJ asked Hrinakova a few more questions, her attorney asked her if there was anything else that she wished to tell the IJ. Hrinakova began to talk about her husband and children as described below. Her own citation to the record indicates that when the IJ found one of her attorney's questions on this issue irrelevant, the attorney stated she had no further questions. Thus, it was her own attorney who ended her questioning of Hrinakova. To show a violation of due process, Hrinakova must demonstrate that she was "prevented from reasonably presenting [her] case." Uspango v. Ashcroft, 289 F.3d 226, 231 (3d Cir. 2002). She has not done so.

Hrinakova argues that a remand is required to allow her to address the issue of racial persecution based on her husband's ethnicity. She argues that the IJ limited her ability to present a claim that she would be persecuted because she was married to a foreigner. When Hrinakova began to describe the potential racism in Slovakia towards her husband and children, the IJ stated that he did not think that was relevant to an asylum claim.[5] Hrinakova never argued, as she does now, that she would be persecuted in

---

[5] It appears that the IJ believed that Hrinakova was trying to make an argument in support of cancellation of removal. C.A.R. at 123. ("The respondent is not applying for cancellation of removal or any other application where I could consider the hardship to the spouse or the children . . . I'm not sure that the issues that you are raising now are part of the persecution claim.")

Slovakia on account of her being married to a non-Slovak. Moreover, this issue was not raised in her brief before the BIA. Therefore, we will not review this issue. See 8 U.S.C. § 1252(d)(1). ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.")

Hrinakova's final argument is that the IJ erred in denying her the opportunity for repapering under Section 309 of the INA so that she could apply for cancellation of removal. However, Hrinakova is not eligible for repapering because she was not in removal proceedings on April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Moreover, Hrinakova is not eligible for cancellation of removal. Cancellation of removal for a non-permanent resident alien is only available if the alien has lived in the United States continuously for ten years. 8 U.S.C. § 1229b(b). However, continuous residence is deemed to end when the alien is served a notice to appear. 8 U.S.C. § 1229b(d). Here, Hrinakova entered the United States in July 1993 and was served a notice to appear in February 2002. Thus, she has not continuously resided in the United States for ten years and is not eligible for cancellation of removal.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. Because the petition presents no substantial question, we will grant the government's motion and summarily deny the petition for review.